UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. 3512 FOR 2703(d) ORDER FOR ONE DOMAIN NAME SERVICED BY NAME.COM LLC | ML No. **22-ml-37** |

*Reference:*     DOJ Ref. # CRM-182-75484; Subject Account: gcg24.com

### APPLICATION OF THE UNITED STATES
### FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. §§ 2703(d) and 3512(a), and the Council of Europe, Convention on Cybercrime, *opened for signature* Nov. 23, 2001, T.I.A.S. 13174, C.E.T.S. 185 (entered into force for the United States Jan. 1, 2007) (hereinafter, the "Convention"), to execute a request from the Portuguese Republic ("Portugal"). The proposed Order would require Name.com LLC ("PROVIDER"), an electronic communication service and/or remote computing service provider located in Denver, Colorado, to disclose certain records and other information pertaining to the PROVIDER account associated with domain name **gcg24.com**, as set forth in Part I of Attachment A to the proposed Order, within ten days of receipt of the Order. The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order. In support of this application, the United States asserts:

### LEGAL BACKGROUND AND JURISDICTION

1.      PROVIDER is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require

PROVIDER to disclose the items described in Part II of Attachment A.  *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2.  This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711.  18 U.S.C. § 2703(d).  Specifically, the Court "is acting on a request for foreign assistance pursuant to [18 U.S.C.] section 3512." 18 U.S.C. § 2711(3)(A)(iii); *see also* 18 U.S.C. § 3512(a)(2)(B) (court may issue "a warrant or order for contents of stored wire or electronic communications or for records related thereto, as provided under section 2703"); 18 U.S.C. § 3512(c)(3) ("application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia").

3.  Section 3512 provides:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

18 U.S.C. § 3512(a)(1).  This application to execute Portugal's request has been duly authorized by an appropriate official of the Department of Justice, through the Criminal Division, Office of International Affairs,[1] which has authorized execution of the request and has delegated the undersigned to file this application.  The undersigned has reviewed the request and has confirmed that it was submitted by authorities in Portugal in connection with a criminal investigation and/or prosecution.

---

[1] The Attorney General, through regulations and Department of Justice directives, has delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters.  *See* 28 C.F.R. §§ 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

4.      A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that . . . the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d).  Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## RELEVANT FACTS

5.      Authorities in Portugal are investigating an unknown suspect(s) for fraud offenses, which occurred from September 2018 to April 2019, in violation of the criminal law of Portugal, specifically, Articles 217 and 218 of the Portuguese Criminal Code.  A copy of the applicable laws is appended to this application.  The United States, through the Office of International Affairs, received a request from Portugal to provide the requested records to assist in the criminal investigation and/or prosecution.  Under the Convention, the United States is obligated to render assistance in response to the request.

6.      According to authorities in Portugal, in September 2018, a Portuguese investor (the "Victim") became interested in making investments online.  According to statements provided by the Victim, in early September 2018, she saw an advertisement on social media about a company called GCG24.  She found the contact information online on **https://www.gcg24.com** and tried to contact the company by phone.  After about a week, an individual using the name of Rahul, using phone number 00447846827330, returned her phone call.  In that conversation, Rahul told the Victim that GCG24 was a very profitable investment company that focused on cryptocurrency.  Rahul then told the Victim that, to take advantage of

the company's services, she had to invest a minimum of EUR 250 (approximately USD 303) as a first deposit and provided the URL **https://www.gcg24.com** to register for an account. On September 11, 2018, the Victim made the initial requested deposit.

7. Following the initial deposit, she started communicating by e-mail with Rahul through e-mail account rahul.a@**gcg24.com**. Shortly after, she was contacted by e-mail account compliance@**gcg24.com** with new instructions, requesting her to send proof of address, identification card, the last digits of her credit card, and proof of all the transfers she made to the account. Rahul, using e-mail account rahul.a@**gcg24.com**, provided International Bank Account Numbers for various bank accounts in Portugal, and from September 19, 2018, to February 6, 2019, the Victim transferred a total of EUR 32,253 (approximately USD 36,273) into these bank accounts. After each transfer, the Victim's investment account on **https://www.gcg24.com** showed profits.

8. On April 8, 2019, the Victim contacted Rahul on his e-mail account rahul.a@**gcg24.com** and told him that she wanted to withdraw some of the funds. Rahul responded that she had to pay a fee of EUR 21,371 (approximately USD 24,075) to withdraw funds from her account. According to Rahul's instructions, the Victim transferred this amount the same day to another bank account provided by Rahul.

9. Following the last deposit, the Victim could still not withdraw money from her investment account, and she attempted to contact Rahul a few times. On April 30, 2019, the Victim received a phone call from an individual stating that Rahul was on vacation. However, afterwards, the Victim no longer was able to reach Rahul or anyone else at GCG24 and could no longer access her investment account on **https://www.gcg24.com**. According to Portuguese authorities, to date, the Victim did not recover any of her funds and they have not been able to

identify a suspect.

10. Accordingly, Portuguese authorities now seek certain records from PROVIDER for the domain name **gcg24.com**, serviced by PROVIDER, in order to identify and locate the unknown suspect(s).

## REQUEST FOR ORDER

11. The facts set forth above show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help authorities in Portugal identify and locate the individual(s) who are responsible for the criminal activity under investigation, and to determine the nature and scope of that criminal activity. Accordingly, the United States requests that PROVIDER be directed to produce all items described in Part II of Attachment A to the proposed Order within ten days of receipt of the Order.

                Respectfully submitted,

                VAUGHN A. ARY
                DIRECTOR
                OFFICE OF INTERNATIONAL AFFAIRS
                OK Bar Number 12199

By: _____
      Ruxandra Barbulescu
      Trial Attorney
      NY Bar Number 2988228
      Office of International Affairs
      Criminal Division, Department of Justice
      1301 New York Avenue, N.W., Suite 800
      Washington, D.C.  20530
      (202) 305-4136 telephone
      (202) 514-0080 facsimile
      Ruxandra.Barbulescu@usdoj.gov

**Relevant Provisions of the Portuguese Criminal Code**

**Article 217 – Swindling**

1. Who, with the intention of obtaining for himself or for [another] the illegitimate enrichment, by mistake or mistake facts that he has astutely provoked, to determine others to commit acts that causes him, or to cause another person property damage, shall be imprisoned up to three years or with a fine.
…

**Article 218 – Qualified Fraud**

1. Any person who practices the act referred to paragraph 1 of the preceding article shall be punished, if the pecuniary loss is of value, with up to five years imprisonment or a fine up to 600 days.

2. The penalty is imprisonment of two to eight years if:
    a. The property damage is of a considerable high value;
   […]